1  Matthew B. Lehr (Bar No. 213139)
   Diem-Suong T. Nguyen (Bar No. 237557)
2  Douglas K. Yatter (Bar No. 236089)
   Yiping R. Liao (Bar No. 238319)
3  DAVIS POLK & WARDWELL
   1600 El Camino Real
4  Menlo Park, California  94025
   Telephone:  (650) 752-2000
5  Facsimile:  (650) 752-2111

6  Attorneys for Plaintiff
   VNUS Medical Technologies, Inc.

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 _____      )   CASE NO. C05-02972 MMC
                                                 )
   VNUS MEDICAL TECHNOLOGIES, INC.,              )
11                                               )
                  Plaintiff,                     )   **STIPULATED PROTECTIVE ORDER**
12                                               )   **REGARDING CONFIDENTIAL**
          v.                                     )   **INFORMATION**
13                                               )
   DIOMED HOLDINGS, INC., DIOMED                 )
14 INC., ANGIODYNAMICS, INC., and                )   Judge:  Hon. Maxine M. Chesney
   VASCULAR SOLUTIONS, INC.,                     )
15                                               )
                  Defendants.                    )
16 _____      )

17         The parties anticipate that discovery in this case will involve the disclosure of

18 confidential information, and therefore agree to the following Protective Order under Rule 26 of the

19 Federal Rules of Civil Procedure.

20         1.    Designation of Confidential Material.

21              (a)    General.  Any documents, materials, tangible things, items, testimony or

22 other information filed with the Court, or produced or provided by any party in connection with this

23 litigation ("Producing Party" or "Designating Party") to another party ("Receiving Party"), may be

24 designated as "Confidential" or "Confidential – Attorneys' Eyes Only."  All such information and

25 material derived from it constitutes "Designated Material" under this Protective Order.  As a

26 general guideline, Designated Material shall be so designated for the purposes of avoiding invasion

27 of privacy or protecting proprietary information, confidential business or financial information,

28

                                                 1

trade secrets, or personal or financial affairs.  A Designating Party may designate information "Confidential – Attorneys' Eyes Only" when the information is particularly sensitive because it relates to trade secrets, technical information, technical practices or methods, present or future marketing plans, product data or projections, financial data, business strategy, or agreements and relationships with third parties.

(b)   <u>Designation Procedure</u>.  A party wishing to invoke the provisions of this Protective Order shall designate the documents, materials, items, or information, or portions thereof, at the time such information is disclosed, or when the party seeking protection becomes aware of the nature of the information disclosed and sought to be protected.  Designation shall be made by marking or stamping the documents, materials, items, or information "Confidential" or "Confidential – Attorneys' Eyes Only" on all pages (or, if applicable, paragraphs).  In the case of information stored on electronic media, the items produced shall be marked or stamped on the media if possible.  In the case of information produced for inspection, but not yet provided to the inspecting party, such information shall presumptively be deemed "Confidential – Attorneys' Eyes Only," regardless of whether so identified, until copies thereof are produced to the inspecting party.

(c)   <u>Designation Procedure For Deposition Testimony</u>.  With respect to deposition testimony, the witness under deposition, or his/her counsel, or any counsel representing any person at the deposition, may designate such  testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" either on the record at the deposition or within thirty (30) days after the mailing of the deposition transcript by the court reporter.  The provisions of this paragraph may be invoked with respect to the witness's entire deposition, or any portion thereof, at any time during the deposition.  Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as "Confidential – Attorneys' Eyes Only."

2.   <u>Use of Designated Material</u>.  Absent a specific order by this Court, Designated Material shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; except that nothing in this Protective Order shall preclude any party or its counsel

1  of record from disclosing or using, in any manner or for any purpose, any information or

2  documents from the party's own files which the party itself has designated as "Confidential" or

3  "Confidential – Attorneys' Eyes Only."

4       3.       Access to Material Designated "Confidential."  Material designated "Confidential"

5  under this Protective Order, and copies, extracts, compilations, summaries, and other materials that

6  include or reflect such Designated Material, may not be provided to any third party.  Material

7  designated "Confidential" may be submitted to the Court only if submitted under seal in accordance

8  with Paragraph 7 below.

9       4.       Access to Material Designated "Confidential – Attorneys' Eyes Only."  Material

10  designated "Confidential – Attorneys' Eyes Only" under this Protective Order, and copies, extracts,

11  compilations, summaries, and other materials that include or reflect such Designated Material, may

12  be given, shown, made available, or communicated in any way only to:

13            (a)       outside litigation attorneys for the parties who are employed by the firms of

14  record in this case, their staffs, and professional litigation support vendors retained by them;

15            (b)       qualified persons taking testimony involving "Confidential – Attorneys'

16  Eyes Only" information, and necessary stenographic and clerical personnel thereof;

17            (c)       independent consultants or experts and their staffs, if cleared by the parties

18  pursuant to Paragraph 5 of this Protective Order;

19            (d)       the Court and its staff; and

20            (e)       a party's in-house counsel or outside general counsel with the consent of the

21  Designating Party, provided:

22                 (i)       Such consent will not be unreasonably withheld, and the refusal to

23            grant such consent shall be based on the Designating Party's good faith concerns

24            about protecting intellectual property rights or competitive business information

25            from the requesting party's employees or representatives; and

26                 (ii)       The Designating Party may condition its consent on the material

27            requested not being provided to any attorney involved in prosecuting patents or

28

3

1    making decisions regarding the party's competitive position as to the Designating

2    Party.

3         5.    <u>Clearance Procedure for Consultants and Experts</u>.  Designated Material may be

4    provided to an independent consultant or expert as described in Paragraph 4(c) only after ten (10)

5    business days following written notice to the Designating Party of the proposed disclosure to the

6    consultant or expert.  With the written notice shall be included a fully executed copy of the

7    Acknowledgement attached hereto as Exhibit A, completed by the consultant or expert.  If the

8    Designating Party objects, in writing, to disclosure of Designated Material to the consultant or

9    expert within the ten (10) day period, no disclosure of Designated Material may be made to the

10   consultant or expert pending resolution of the objection.  If the parties cannot resolve the issue

11   informally, the party objecting to the proposed disclosure may thereupon seek an appropriate order

12   from the Court disqualifying the consultant or expert or protecting against the proposed disclosure

13   to the consultant or expert.  Until the Court rules on the matter, no disclosure of Designated

14   Material to the consultant or expert shall be made.

15        6.    <u>Treatment of Designated Material</u>.  Copies of Designated Material may only be

16   made where reasonably necessary to prepare work product or conduct proceedings in this litigation.

17   Material designated "Confidential – Attorneys' Eyes Only" or copies thereof may not be stored or

18   viewed at a non-designating party's business location, except to the extent provided in this

19   Paragraph.  Such information may be stored or viewed only at or on:

20        (a)    the physical offices of outside attorneys of record in this litigation, or of

21   professional litigation support vendors retained by such attorneys;

22        (b)    the physical offices of consultants or experts cleared under Paragraph 5 of

23   this Protective Order;

24        (c)    the site where any deposition relating to the information is taken;

25        (d)    the Court;

26        (e)    any intermediate location reasonably necessary to transport the information

27   (*e.g.*, a hotel prior to a deposition); or

28

4

(f)     computers/servers/other electronic media of the outside attorneys of record in this litigation, professional litigation support vendors employed by outside attorneys of record, or experts and consultants cleared under Paragraph 5,  provided those persons have a reasonable expectation of confidentiality associated with the computers/servers/other electronic media.

Such information may also be viewed electronically at the physical office of a party's in-house counsel or outside general counsel, provided that the information is not stored at the location and that such counsel may receive the information under Paragraph 4(e) of this Protective Order.

7.     <u>Filing of Designated Material with the Court</u>.  Where filed with the Court (as pleadings or evidence), Designated Material shall be delivered sealed to the Clerk of the Court and shall not be available to public inspection.  Envelopes or containers used to seal such documents shall bear the notation, "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS BEING SUBMITTED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER," and shall state the party or person who designated any confidential information that the document contains.  Where appropriate, the envelope or container shall bear the additional notation, "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  No such sealed envelope or container shall be provided to any individual not otherwise permitted to view the relevant Designated Material under this Protective Order.

8.     <u>Errors in Designation</u>.  A Producing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction promptly after becoming aware of such error.  Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

9.     <u>Improper Disclosure</u>.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party

5

1  responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure

2  to the attention of the Designating Party, without prejudice to other rights and remedies of the

3  Designating Party, and shall make every effort to prevent further improper disclosure.

4         10.    Objections to Designations.  If at any time during the pendency of this litigation any

5  party claims that information is not appropriately designated or that permission for in-house or

6  outside general counsel to view certain material has been improperly withheld (the "Objecting

7  Party"), the Objecting Party may serve a captioned notice of objection on the Designating Party.

8  Within ten (10) calendar days of receiving such notice, the Designating Party shall respond in

9  writing.  If the Designating Party and the Objecting Party cannot resolve the dispute by informal

10  conference, the Objecting Party may move for an order from the Court for re-designation within ten

11  (10) calendar days from service of the Designating Party's written response.  The original

12  designation shall remain effective until three (3) days after the Court's entry of an order re-

13  designating the materials.

14         11.    Use of Designated Material at Trial.  This Protective Order, insofar as it restricts the

15  dissemination and use of Designated Material, shall not apply to the introduction of evidence at

16  trial.  However, any Party may seek appropriate court orders, including without limitation, an order

17  which restricts the use of any material covered by this Protective Order during the trial, requests

18  that portions of the transcript be sealed, or restricts access of the public to certain portions of the

19  trial.

20         12.    Inadmissibility of Designation.  Unless the parties stipulate otherwise, evidence of

21  the existence or nonexistence of a designation under this Protective Order shall not be admissible

22  for any purpose, nor shall the designation or acceptance of any information designated pursuant to

23  this Protective Order constitute an admission or acknowledgement that the material so designated is

24  in fact proprietary, confidential, or a trade secret.

25         13.    Inadvertent Production.  Counsel shall make their best efforts to identify materials

26  protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any

27  such materials.  The inadvertent production of any document or thing shall be without prejudice to

28  any claim that such material is protected by the attorney-client privilege or protected from

6

discovery as work product and no Producing Party shall be held to have waived any rights thereunder by inadvertent production.  If a Producing Party discovers that materials protected by the attorney-client privilege or work product doctrine have been inadvertently produced, counsel for the Producing Party shall promptly give written notice to counsel for the Receiving Party.  The Receiving Party shall take prompt steps to ensure that all known copies of such material are returned to the Producing Party.  The Receiving Party may afterward contest such claims of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production.

14.     Notification of Subpoena, Document Request, or Order in Other Litigation.  If a Receiving Party is served with a subpoena, document request, or order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) days after receiving the subpoena, document request, or order.  Such notification must include a copy of the subpoena, document request, or order.  The Designating Party shall bear the burden and expense of seeking to protect the requested material from production in the other litigation.

15.     Final Disposition of Designated Material.  Upon termination of this litigation following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its counsel, within sixty (60) days.  However, attorneys of record may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If Designated Material is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel a certification identifying when and how the destruction was performed.

16.     Survival.  The terms of this Protective Order shall survive termination of this litigation.

7

1     Assent to the entry of the foregoing Protective Order is hereby given by the parties by and

2  through their attorneys.

3

4  Dated:  March 30, 2006                    ATTORNEYS FOR DEFENDANT
                                             ANGIODYNAMICS, INC.
5
                                             ____/S/ William Bright, Jr._____
6                                            William H. Bright, Jr.
7                                            Mark D. Giarratana
                                             MCCARTER & ENGLISH, LLP
8                                            CityPlace I, 36th Floor
                                             Hartford, CT  06103
9                                            (860) 275-6700/(860) 724-3397 (fax)
                                             wbright@mccarter.com
10                                           mgiarratana@mccarter.com

11
   Dated:  April 10, 2006                    ATTORNEYS FOR DEFENDANTS
12                                           DIOMED HOLDINGS, INC. and DIOMED,
                                             INC.
13
                                             ____/S/ Michael A. Albert_____
14                                           Michael A. Albert
15                                           James J. Foster
                                             Michael N. Rader
16                                           WOLF, GREENFIELD & SACKS, P.C.
                                             600 Atlantic Avenue
17                                           Boston, MA 02210
                                             (617) 720-3500/(617) 720-2441 (fax)
18                                           malbert@wolfgreenfield.com

19
   Dated:  April 10, 2006                    ATTORNEYS FOR DEFENDANT
20                                           VASCULAR SOLUTIONS, INC.

21                                           ____/S/ Heather D. Redmond_____
22                                           Heather D. Redmond
                                             DORSEY & WHITNEY LLP
23                                           50 South Sixth Street, Suite 1500
                                             Minneapolis, MN 55402-1498
24                                           (612) 340-6343/(612) 340-2868 (fax)
                                             Redmond.heather@dorsey.com
25

26

27

28

8

1

Dated:  April 14, 2006

ATTORNEYS FOR PLAINTIFF
VNUS MEDICAL TECHNOLOGIES, INC.

2

3

        /S/ Diem-Suong T. Nguyen
Diem-Suong T. Nguyen

4

DAVIS POLK & WARDWELL
1600 El Camino Real

5

Menlo Park, CA 94025
(650) 752-2000/(650) 752-2111 (fax)

6

suong.nguyen@dpw.com

7

8

9

10

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11

12

Dated: April 18, 2006

13

14

MAXINE M. CHESNEY
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION – C05-02972 MMC