IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC.<br><br>Plaintiff<br><br>v.<br><br>DIOMED HOLDINGS, INC., et al.,<br><br>Defendant<br>_____/ | No. C-05-2972 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** |

Before the Court is plaintiff Vnus Medical Technologies' motion, filed October 11, 2006, to strike the declaration of Ted R. Kohler, M.D. ("Dr. Kohler"), the declaration of Mark N. Isaacs, M.D. ("Dr. Isaacs"), and portions of defendants' claim construction briefs, or, in the alternative, for leave to file a rebuttal expert declaration. Defendants Diomed Holdings, Inc., Diomed, Inc., AngioDynamics, Inc., and Vascular Solutions, Inc. have filed a joint opposition, to which plaintiff has replied. Having considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

Plaintiff first moves to strike those portions of the declarations of Dr. Kohler and Dr. Isaacs, as well as argument made in defendants' claim construction brief in reliance thereon, in which declarations the two experts set forth their respective opinions as to how

---

[1] At the October 30, 2006 claim construction hearing, the Court vacated the November 17, 2006 hearing noticed by plaintiff, and advised the parties the instant motion would be taken under submission upon completion of briefing.

1  certain claim terms would be understood by persons skilled in the art.  As the Federal
2  Circuit recognized in Phillips v. AWH Corp., 415 F. 3d 1303 (Fed. Cir. 2005), in the context
3  of claim construction, "expert testimony can be useful to a court for a variety of purposes,
4  such as . . . to ensure that the court's understanding of the technical aspects of the patent
5  is consistent with that of a person of skill in the art, or to establish that a particular term in
6  the patent or the prior art has a particular meaning in the pertinent field."  See id. at 1318.
7  To the extent plaintiff argues the above-referenced expert opinions are not well-reasoned,
8  plaintiff's argument goes to the weight, not the admissibility, of such evidence.  Further,
9  contrary to plaintiff's argument, the Court's Pretrial Preparation Order, although precluding
10 expert testimony at the claim construction hearing, did not preclude any party from offering
11 expert declarations in conjunction with its briefing.  (See Pretrial Preparation Order, filed
12 February 15, 2006, at 2.)  Consequently, the declarations of Drs. Kohler and Isaacs, to the
13 extent those declarations address the meaning of certain claim terms, will be considered,
14 along with defendants' corresponding argument, for the limited purposes identified in
15 Phillips.

16      Plaintiff next moves to strike the paragraph of Dr. Isaacs' declaration in which Dr.
17 Isaacs offers, and sets forth his reasons for, his opinion that the patents at issue herein "do
18 not . . . provide a disclosure of a laser embodiment that would enable a person of ordinary
19 skill in the art in this area to practice the endovenous laser procedure."  (See Isaacs Decl. ¶
20 4.)  Similarly, plaintiff moves to strike argument in defendants' claim construction briefs
21 pertaining to the issue of enablement.  Plaintiff contends an assessment of enablement is
22 premature at the claim construction stage.

23      The issue of enablement may, under certain circumstances, be relevant to claim
24 construction.  Specifically, where a district court finds, "after applying all the available tools
25 of claim construction, that the claim is still ambiguous," the district court may be guided by
26 the "maxim that claims should be construed to preserve their validity."  See Phillips, 415 F.
27 3d at 1327 (holding "it is reasonable to infer that the PTO would not have issued an invalid
28 patent, and [ ] the ambiguity in the claim language should therefore be resolved in a

1 manner that would preserve the patent's validity"). Defendants fail, however, to identify any
2 claim language that, after application of all available tools of claim construction, is
3 ambiguous. Defendants' argument as to enablement is made with reference to the
4 disputed claim terms "a catheter having a working end"[2] and "a catheter having a working
5 end with an energy application device at the working end."[3] (See Defs.' Joint Claim
6 Construction Brief at 19:3 - 20:4.) Specifically, defendants argue "energy" cannot include
7 laser energy because the scope of the claims is not enabled to that extent. (See id. at
8 19:3-4 (The Claims Cannot Cover Use Of Laser Energy Because Such Claim Scope Is Not
9 Enabled").) The subject patents, however, are not ambiguous in that regard; each explicitly
10 states the claimed methods include the use of laser energy.[4] Consequently, consideration
11 of the question of enablement is premature. See Phillips, 415 F. 3d at 1328 (holding,
12 where "claim term at issue is not ambiguous," the "doctrine of construing claims to preserve
13 their validity" is not applicable at claim construction stage).

14 Accordingly, the Court will strike ¶ 4 of Dr. Isaacs' declaration, as well as any
15 corresponding argument made in defendants' claim construction briefs.

16 //
17 //
18 //
19

---

[2] As set forth in the Order Construing Claims, filed concurrently herewith, this disputed term is contained in Claim 1 of U.S. Patent 6,752,803 ("'803 Patent") and Claim 1 of U.S. Patent 6,769,433 ("'433 Patent").

[3] As set forth in the Order Construing Claims, filed concurrently herewith, this disputed term is contained in Claims 1 and 8 of U.S. Patent 6,258,084 ("'084 Patent").

[4] See '803 Patent, col. 7, lines 61-65 ("[A]lthough the invention will be described using RF energy from the electrode, it is to be understood that other forms of energy such as . . . lasers can be used . . . ."); id., col. 18, ll. 32-33 (claiming method "wherein the step of applying energy includes the step of applying light energy"); '433 Patent, col. 19, ll. 5-6 ("Furthermore, other types of energy such as light energy from fiber optics can be used to create a thermal effect in the hollow anatomical structure undergoing treatment."); id., col. 19, ll. 50-51 (claiming method "wherein the step of applying energy includes the step of applying light energy"); '084 Patent, col. 7, ll. 53-57 ("[A]lthough the invention will be described as using RF energy from the electrode, it is to be understood that other forms of energy such as . . . lasers can be used" . . . .).

3

**CONCLUSION**

For the reasons stated, plaintiff's motion to strike is hereby GRANTED in part and DENIED in part, as follows:

1. Paragraph 4 of Dr. Isaacs' declaration, filed September 19, 2006, is hereby STRICKEN.

2. Page 19, lines 3 through 20, of defendants' Joint Claim Construction Brief, filed September 19, 2006, is hereby STRICKEN.

3. Page 8, line 13, through page 10, line 4, of defendant AngioDynamics, Inc.'s Claim Construction Brief, filed September 19, 2006, is hereby STRICKEN.

4. In all other respects, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 20, 2006

MAXINE M. CHESNEY
United States District Judge