IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC. | No. C-05-2972 MMC |
| Plaintiff | **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART RULING ON PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL; DIRECTIONS TO PLAINTIFF; DIRECTIONS TO DIOMED; DIRECTIONS TO ANGIODYNAMICS** |
| v. | |
| DIOMED HOLDINGS, INC., et al., | |
| Defendants | |

Before the Court is plaintiff VNUS Medical Technologies, Inc.'s ("VNUS") motion for administrative relief to file documents under seal, filed August 10, 2007. Having reviewed the Declaration of David B. Swank on behalf of defendants Diomed Holdings, Inc., and Diomed, Inc. (collectively, "Diomed") filed August 17, 2007, and the Declaration of Richard J. Twilley filed on behalf of defendant AngioDynamics, Inc. ("AngioDynamics") filed August 17, 2007,[1] the Court rules as follows:

---

[1] AngioDynamics did not provide the Court with a chambers copy of the Declaration of Richard J. Twilley. For future reference, AngioDynamics is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

1. VNUS's motion is hereby GRANTED in part, specifically, as to the following documents that Diomed or AngioDynamics has shown contain material properly filed under seal:

    a. Plaintiff VNUS Medical Technologies, Inc.'s Notice of Motion and Memorandum of Points and Authorities in Support of its Motion for Summary Judgment on Patent Infringement;

    b. Declaration of Howard P. Greisler, M.D. in Support of VNUS Medical Technologies, Inc.'s Motion for Summary Judgment; and

    c. Declaration of Suong T. Nguyen in Support of VNUS Medical Technologies, Inc.'s Motion for Summary Judgment.

2. With respect to VNUS's Notice and Motion and Memorandum of Points and Authorities in Support of its Motion for Summary Judgment on Patent Infringement, only the redacted portion of page 24 thereof is, for the reasons stated by Diomed, properly filed under seal. Accordingly, VNUS's motion is hereby DENIED to the extent VNUS seeks to file other portions of said document under seal. If VNUS wishes the Court to consider the entirety of its memorandum, VNUS is hereby DIRECTED to electronically file in the public record all pages of said document, other than the redacted portion of page 24, no later than August 30, 2007.

3. With respect to the Declaration of Howard P. Greisler, only the redacted portion of page 6 thereof is, for the reasons stated by Diomed, properly filed under seal. Accordingly, VNUS's motion is hereby DENIED to the extent VNUS seeks to file other portions of said declaration under seal. If VNUS wishes the Court to consider the entirety of the Declaration of Howard P. Greisler, VNUS is hereby DIRECTED to electronically file in the public record all pages of the declaration, other than the redacted portion of page 6, no later than August 30, 2007.

4. With respect to the Declaration of Suong T. Nguyen, no party has asserted, let alone shown, that Exhibits 4, 16, 17, 19, 20, 24, 26, 28, 29, 32, 53, 56, 58, or 59 are properly filed under seal. Accordingly, VNUS's motion is hereby DENIED to the extent

VNUS seeks to file said exhibits under seal.  If VNUS wishes the Court to consider said exhibits, VNUS is hereby DIRECTED to electronically file them in the public record no later than August 30, 2007.

     5. With respect to Exhibits 42 and 45 to the Declaration of Suong T. Nguyen, Diomed asserts that said exhibits (respectively, a 15-page excerpt from a deposition and a 110-page expert report) "contain" information Diomed believes to be properly filed under seal. (See Swank Decl. ¶ 4.) Diomed fails to identify the portions it asserts contain sealable material, and substantial portions thereof are plainly not properly filed under seal. (See, e.g., Nguyen Decl. Ex. 45 at 2-5 (setting forth expert's qualifications).)[2] "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of sealable material." Id. Rather than directing VNUS to file Exhibits 42 and 45 in the public record, however, the Court hereby DEFERS ruling on VNUS's motion as it pertains to Exhibits 42 and 45 in order to afford Diomed the opportunity to file, no later than August 30, 2007, a supplemental declaration to identify, with specificity, the portions of Exhibits 42 and 45 that assertedly are privileged, protectable as a trade secret, or otherwise entitled to be filed under seal.

     6. With respect to Exhibit 39 to the Declaration of Suong T. Nguyen, AngioDynamics asserts that said exhibit, specifically, a 32-page memorandum of points and authorities filed in another action, "contains" information AngioDynamics believes to be properly filed under seal. (See Twilley Decl. ¶ 6.) AngioDynamics fails to identify the portions it asserts contain sealable material, and substantial portions thereof clearly are not properly filed under seal. (See, e.g., Nguyen Decl. Ex. 39 at 3 (discussing drawbacks of "traditional treatments of varicose veins"); id. at 19 (citing cases setting forth evidence

//

---

[2] This example is intended to be illustrative only.

3

required to prove claim of inducement).)[3]  For the reasons stated above with respect to Exhibits 42 and 45, the Court hereby DEFERS ruling on VNUS's motion as it pertains to Exhibit 39, in order to afford AngioDynamics the opportunity to file, no later than August 30, 2007, a supplemental declaration to identify, with specificity, the portions of Exhibit 39 that assertedly are privileged, protectable as a trade secret, or otherwise entitled to be filed under seal.

**IT IS SO ORDERED.**

Dated: August 23, 2007

MAXINE M. CHESNEY
United States District Judge

---

[3] These examples are intended to be illustrative only.