**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC. <br><br> Plaintiff <br><br> v. <br><br> DIOMED HOLDINGS, INC., DIOMED, INC., ANGIODYNAMICS, INC., and VASCULAR SOLUTIONS, INC., <br><br> Defendants | No. C-05-2972 MMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 112; DENYING IN PART AND DEFERRING IN PART RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. §§ 102-103; VACATING HEARING; SETTING FURTHER BRIEFING SCHEDULE** |

Before the Court are three motions for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, each filed August 10, 2007: (1) plaintiff VNUS Medical Technologies, Inc.'s ("VNUS") "Motion for Summary Judgment on Patent Infringement"; (2) defendants Diomed Holdings, Inc., and Diomed, Inc. (collectively, "Diomed"), AngioDynamics, Inc. ("AngioDynamics"), and Vascular Solutions, Inc.'s ("VSI") "Motion for Summary Judgment of Invalidity under 35 U.S.C. § 112"; and (3) defendants' "Motion for Summary Judgment of Invalidity under 35 U.S.C. §§ 102-103." Also before the Court is VNUS's "Motion to Strike the Rebuttal Expert Reports of Drs. R. Rox Anderson, J. Kevin McGraw, and Russell H. Samson, and to Exclude Any Expert Testimony by Drs. Robert Min and Luis Navarro," filed August 10, 2007.

Having considered the papers filed in support of and in opposition to the motions, the Court deems the matters suitable for decision on the papers, VACATES the hearing scheduled for October 5, 2007, and rules as follows.

**A. Infringement**

VNUS seeks summary judgment on its claims that defendants are liable for induced infringement and contributory infringement of the methods claimed in Claims 1, 2, 18, 19, 20, and 21 of U.S. Patent No. 6,258,084 ("'084 Patent"), Claims 1 and 7 of U.S. Patent No. 6,752,803 ("'803 Patent"), and Claims 1 and 10 of U.S. Patent No. 6,769,433 ("'433 Patent"). In order to prove such claims, VNUS initially must prove that third parties using defendants' products directly infringe the claimed methods. See C.R. Bard, Inc. v. Advanced Cardiovascular Systems, 911 F. 2d 670, 673 (Fed. Cir. 1990). Assuming, arguendo, VNUS can establish direct infringement by a third-party, the Court finds VNUS has failed to show that, as a matter of law, defendants induced and/or contributed to such direct infringement.[1]

A defendant can only be liable for inducing an act of direct infringement if the defendant "actively and knowingly aided and abetted another's direct infringement." See DSU Medical Corp. v. JMS Co., 471 F. 3d 1293, 1305 (Fed. Cir. 2006). "Specific intent and action to induce infringement must be proven." Id. (internal citation and quotation omitted). Here, each defendant has offered evidence that it sought and obtained the opinion of counsel, who, in each instance, provided an opinion the accused products did not infringe and/or the patents were invalid; further, each defendant has offered evidence that in reliance on the opinion of its counsel, it continued to sell the accused products. (See Wylie Decl. ¶¶ 9-16; Root Decl. ¶¶ 4-5, Ex. A; Redmond Decl. Ex. I at 17, 18, 58.) In light of such evidence, the Court finds a triable issue of fact exists as to whether any defendant is liable for inducing acts of direct infringement. See DSU, 471 F. 3d at 1307 (holding sufficient

---

[1] VNUS's motion to strike pertains solely to specified expert opinions on the issue of direct infringement. Because the Court, for purposes of VNUS's motion for summary judgment, has assumed direct infringement, the motion to strike will be denied as moot.

2

1  evidence supported jury's finding defendant did not induce direct infringement, where
2  record included evidence defendant "did not believe its [product] infringed" and defendant
3  had relied on opinion of counsel that its product did not infringe).
4        A defendant cannot be held liable for contributing to an act of direct infringement
5  unless the defendant's products have "no use except through practice of the patented
6  method." See Alloc, Inc. v. International Trade Comm'n, 342 F. 3d 1361, 1374 (Fed. Cir.
7  2003). Here, each defendant offers evidence that its products can be used for purposes
8  other than the practice of the claimed methods. (See, e.g., Wylie Decl. ¶¶ 3, 7; Steenburg
9  Decl., filed September 24, 2007, Ex. 7 at 25; id. Ex. 9 at 15; Root Decl. ¶¶ 10-12, Exs. D, E;
10 Redmond Decl. Ex. F; id. Ex. I at 6:19-7:16.) In light of such evidence, the Court finds a
11 triable issue of fact exists as to whether any defendant is liable for contributory infringement
12 as to acts of direct infringement.
13       Accordingly, VNUS's motion for summary judgment will be denied.
14 **B.  Invalidity Under 35 U.S.C. § 112**
15       Defendants seek summary judgment on their counterclaims that each asserted claim
16 is invalid under 35 U.S.C. § 112.
17       Section 112 provides that a patent's "specification shall contain a written description
18 of the invention, and the manner and process of making and using it, in such full, clear,
19 concise, and exact terms as to enable any person skilled in the art to which it pertains . . .
20 to make and use the same." See 35 U.S.C. § 112. The "enablement requirement" set forth
21 in § 112 "is satisfied when one skilled in the art, reading the specification, could practice the
22 claimed invention without undue experimentation." See AK Steel Corp. v. Sollac & Ugine,
23 344 F. 3d 1234, 1244 (Fed. Cir. 2003).
24       The specification of each patent at issue provides that the claimed methods can be
25 employed using various types of energy, including laser energy. See '433 Patent, col. 19,
26 ll. 4-7; '084 Patent, col. 7, ll. 61-65; '803 Patent, col. 7, ll. 61-65. Each specification,
27 //
28 //

1 however, describes in detail how to perform the claimed methods using "RF" energy,[2] and
2 includes no such detail as to the use of laser energy.  Defendants argue the asserted
3 claims are invalid because the specifications do not provide enough information to enable a
4 person skilled in the art to employ laser energy to practice the claimed methods, without
5 undue experimentation.  See AK Steel Corp., 344 F. 3d at 1241 (holding "patent
6 specification must enable the full scope of a claimed invention").  Alternatively, defendants
7 argue the specifications do not provide enough information to enable a person skilled in the
8 art to employ laser energy using the claimed catheter.

According to Diomed's expert, a person skilled in the art would be unable to perform the claimed methods using laser energy because neither the specification nor other information known to persons skilled in the art provides "meaningful guidance" as to how to apply the claims using laser energy; he further opines that "a practitioner in this field would be ill-advised to conduct a laser procedure in a live human" in light of such absence of guidance.  (See Twilley Decl. Ex. P (Anderson Decl.) ¶¶ 6, 11-18.)  In opposition, VNUS relies on its expert, who opines that a person skilled in the art could, "after very brief experimentation," perform the claimed methods using laser energy.  (See Nguyen § 112 Decl. Ex. 22 (Grundfest Expert Report) at 9-19.)  The Court finds these conflicting opinions create a triable issue of fact as to whether a person skilled in the art could practice the claimed methods, without undue experimentation.

Accordingly, defendants are not entitled to summary judgment on the issue of invalidity predicated on a failure to comply with § 112.

**C.  Invalidity Under 35 U.S.C. §§ 102-103**

Defendants seek summary judgment on their counterclaims that Claim 1 of the '433 Patent is invalid for anticipation, under 35 U.S.C. § 102(b).  Defendants further seek summary judgment on their counterclaims that the following claims are invalid as obvious, under 35 U.S.C. § 103:  Claim 10 of the '433 Patent, Claims 1, 2, 18, 19, 20, and 21 of the

---

[2] "RF" is a reference to "radio frequency."  (See Nguyen § 112 Decl. Ex. 3 at 115:5-9.)

4

'084 Patent and Claims 1, 2, and 7 of the '803 Patent.

### 1. Anticipation

"A prior art reference anticipates a patent claim if the reference discloses, either expressly or inherently, all of the limitations of the claim." EMI Group North America, Inc., v. Cypress Semiconductor Corp., 268 F. 3d 1342, 1350 (Fed. Cir. 2001).

Here, a triable issue of fact exists as to whether Claim 1 of the '433 Patent is, as defendants contend, anticipated by a 1959 article titled "Endovascular Electrocoagulation of Superficial Varices of the Lower Limbs" ("Hejhal"). (See Steenburg Decl., filed September 10, 2007, Ex. B; McGraw Decl. ¶ 11.) Specifically, a triable issue of fact exists as to whether a person skilled in the art would understand Hejhal to have disclosed the claimed step of "pre-shaping the vein such that the inner wall of the vein is brought towards the working end of the catheter so as to reduce the diameter of the vein." (See McGraw Decl. ¶¶ 11-14; Nguyen §§ 102-103 Decl. Ex. 9 at 24.)

Accordingly, as to Claim 1 of the '433 Patent, defendants are not entitled to summary judgment on the issue of invalidity predicated on anticipation.

### 2. Obviousness

A claim is invalid when "'the differences between the subject matter [claimed in the patent] and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person skilled in the art.'" See KSR Int'l Co. v. Teleflex Inc., 127 S. Ct. 1727, 1734 (2007) (quoting 35 U.S.C. § 103).

With respect to defendants' argument that Claim 10 of the '433 Patent is obvious, defendants acknowledge a finding of obviousness thereof is dependent on a finding that Claim 1 of the '433 Patent is anticipated by Hejhal. (See Defs.' §§ 102-103 Mot. for Summ. J. at 24:22-23.) Because a triable issue of fact exists as to whether Claim 1 is so anticipated, a triable issue of fact likewise exists as to whether Claim 10 is obvious.

Accordingly, as to Claim 10 of the '433 Patent, defendants are not entitled to summary judgment on the issue of invalidity predicated on obviousness.

//

To the extent defendants' motion is predicated on the argument that claims in the '084 and '803 Patents are obvious, the Court will defer ruling thereon in order to afford VNUS an opportunity to respond to a new argument made in defendants' reply. Specifically, VNUS will be afforded the opportunity to respond to the newly-raised issue of whether VNUS is unable to create a triable issue of fact, in light of the reasoning set forth in Atlas Powder Co. v. Ireco, Inc., 190 F. 3d 1342, 1347-49 (Fed. Cir. 1999), In re Baxter, 952 F. 2d 388, 392 (Fed. Cir. 1991), and In re Wiseman, 596 F. 2d 1019, 1023 (C.C.P.A. 1979). (See Defs.' § 112 Reply at 2:1-21; 9:4 - 10:13.)

## CONCLUSION

For the reasons stated above:

1. VNUS's motion for summary judgment is hereby DENIED.

2. VNUS's motion to strike is hereby DENIED as moot.

3. Defendants' motion for summary judgment under § 112 is hereby DENIED.

4. Defendants' motion for summary judgment under §§ 102-103 is hereby DENIED to the extent defendants seek summary judgment as to Claims 1 and 10 of the '433 Patent.

5. The Court hereby DEFERS ruling on defendants' motion for summary judgment under §§ 102-103 to the extent defendants seek summary judgment with respect to the claims of the '084 and '803 Patents. VNUS is afforded leave to file, no later than October 19, 2007, a supplemental opposition, not to exceed five pages in length, exclusive of exhibits, limited to the newly-raised issue identified above. As of October 19, 2007, the deferred portion of defendants' motion under §§ 102-103 will be taken under submission, unless the parties are otherwise informed.

**IT IS SO ORDERED.**

Dated: October 2, 2007

MAXINE M. CHESNEY
United States District Judge