IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VNUS MEDICAL TECHNOLOGIES, INC.<br><br>Plaintiff<br><br>v.<br><br>DIOMED HOLDINGS, INC., DIOMED, INC., ANGIODYNAMICS, INC., and VASCULAR SOLUTIONS, INC.,<br><br>Defendants<br>_____/ | No. C-05-2972 MMC<br><br>**ORDER DENYING DEFERRED PORTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. §§ 102-103** |

By order filed October 2, 2007, the Court deferred ruling in part on defendants' "Motion for Summary Judgment of Invalidity under 35 U.S.C. §§ 102-103," filed August 10, 2007. Specifically, the Court deferred ruling on the motion to the extent defendants seek summary judgment on the issue of obviousness of Claims 1, 2, 18, 19, 20, and 21 of U.S. Patent No. 6,258,084 ("'084 Patent") and Claims 1, 2 and 7 of U.S. Patent No. 6,752,803 ("'803 Patent"),[1] in order to afford plaintiff the opportunity to file a surreply to respond to an argument raised for the first time in defendants' reply; plaintiff subsequently filed its surreply to respond to the new argument. Having considered the papers filed in support of and in opposition to the deferred portion of the motion, the Court rules as follows.

---

[1] In all other respects, the Court, by order filed October 2, 2007, denied defendants' motion for summary judgment.

A claim is invalid as obvious when "'the differences between the subject matter [claimed in the patent] and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person skilled in the art.'" See KSR Int'l Co. v. Teleflex Inc., 127 S. Ct. 1727, 1734 (2007) (quoting 35 U.S.C. § 103).

Defendants first argue that the above-referenced claims are invalid as obvious in light of two prior art references, specifically, a patent application published as International Publication No. WO 97/32532 and a book titled "Ambulatory Phlebectomy." For the reasons stated by plaintiff, the Court finds a triable issue of fact exists as to whether a person skilled in the art would have found it obvious, in light of the prior art references on which defendants rely, to use "tumescent anesthesia" to compress and exsanguinate a vein when performing an "endovenous" procedure on a vein. (See McGraw Decl.¶¶ 4-9; Nguyen §§ 102-103 Decl., filed August 24, 2007, Ex. 9 at 19-20; Goldman Decl., filed August 24, 2007, ¶¶ 9-20.)

In their reply, defendants further argue that, even if a person skilled in the art would not have found it obvious from the prior art to employ tumescent anesthesia for such compression and exsanguination purposes, the claims nevertheless are invalid because they only disclose "inherent characteristics or functioning of the prior art." (See Defs.' Reply, filed August 31, 2007, at 2:9-19.) "[T]he discovery of a previously unappreciated property of a prior art composition, or of a scientific explanation for the prior art's functioning, does not render the old composition patentably new to the discoverer." Atlas Powder Co. v. Ireco, Inc., 190 F. 3d 1342, 1347 (Fed. Cir. 1999). In the instant case, defendants argue that if a person skilled in the art used tumescent anethesia for anesthetic purposes, the purpose disclosed in one of the prior art references on which defendants rely, such person would "necessarily," even if unknowingly, be performing the claimed steps of compressing and exsanguinating a vein. (See Defs.' Reply at 2:18-19.) The Court, for the reasons stated by plaintiff, finds defendants are not entitled to summary judgment under such theory, in light of plaintiff's having offered sufficient evidence to support a finding that a person who uses tumescent anesthesia for anesthetic purposes

2

would not necessarily perform the claimed steps, (see '084 Patent, col. 17, ll. 63-67; '803 Patent, col. 18, ll. 6-9), in the course of such use. (See Goldman Decl., filed October 10, 2007, ¶¶ 7-11; Nguyen Decl., filed October 10, 2007, Ex. 1 at 7; id. Ex. 2 at 118.)

## CONCLUSION

For the reasons stated above, the deferred portion of defendant's motion for summary judgment under §§ 102-103 is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2007

MAXINE M. CHESNEY
United States District Judge