**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   VNUS MEDICAL TECHNOLOGIES, INC.          No. C-05-2972 MMC

12                Plaintiff                    **ORDER GRANTING IN PART AND**
                                               **DENYING IN PART DEFENDANTS'**
13      v.                                     **MOTION IN LIMINE NO. 4; DENYING AS**
                                               **MOOT PLAINTIFF'S MOTIONS IN**
14   DIOMED HOLDINGS, INC., et al.,            **LIMINE NOS. 4 AND 5**

15                Defendants
     _____/
16

17        Before the Court is "Defendants' Joint Motion In Limine No. 4: Joint Motion To

18   Preclude VNUS From Arguing That The CoolTouch Method Infringes The Asserted Claims

19   or Seeking Lost Profits, As A Sanction For Its Disregard of Judge Larson's Discovery

20   Order," filed October 1, 2007.  Also before the Court is plaintiff's "Motion In Limine To

21   Exclude Expert Trial Testimony Of J. Kevin McGraw On Opinions Not Contained In His

22   Expert Report," filed September 13, 2007 ("Plaintiff's Motion In Limine No. 4"), and

23   plaintiff's "Motion In Limine To Exclude Expert Testimony Of Drs. Laura B. Stamm And

24   Brian W. Napper On Opinions Lacking An Adequate Factual Basis," filed October 1, 2007

25   ("Plaintiff's Motion In Limine No. 5").  The matters were argued at the Pretrial Conference

26   conducted October 16, 2007.  Having considered the parties' submissions in support of and

27   in opposition to the motions, and the arguments of counsel made at the Pretrial

28   Conference, the Court rules as follows.

1    The above-referenced motions pertain to the parties' respective discovery

2    disclosures regarding whether a person practicing the "CoolTouch" procedure would

3    infringe the claims at issue herein.  CoolTouch sells certain products, and includes with its

4    products instructions on how to perform endovenous laser treatment using its products.

5    (See Steenburg Decl., filed October 1, 2007, Ex. A.)  Plaintiff has identified CoolTouch as a

6    "competitor" of plaintiff.  (See Nguyen Decl., filed October 9, 2007, Ex. 13 at 131:9-23.)

7    "To get lost profits as actual damages, the patent owner must demonstrate that

8    there is a reasonable probability that, but for the infringement, it would have made the

9    infringer's sales."  State Industries, Inc. v. Mor-Flo Industries, Inc., 883 F. 2d 1573, 1577

10    (Fed. Cir. 1989).  "A standard way of proving lost profits, first announced in Panduit Corp.

11    v. Stahlin Bros. Fibre Works, 575 F. 2d 1152, 1156, 197 USPQ 726, 730 (6th Cir. 1978), is

12    for the patent owner to prove: (1) demand for the patented product, (2) absence of

13    acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to

14    exploit the demand, and (4) the amount of the profit he would have made."  Id.  "[A]

15    patentee is not entitled to lost profits if the patentee fails to establish any of the above

16    requirements."  SmithKline Diagnostics, Inc. v. Helena Laboratories Corp., 926 F. 2d 1161,

17    1165 (Fed. Cir.1991).[1]

18    Defendants argue that plaintiff did not timely disclose any evidence showing the

19    CoolTouch procedure infringes, that plaintiff lacks any justification for failing to timely

20    disclose such evidence, and that, if plaintiff is allowed to offer such evidence at trial,

21    defendants would be prejudiced.  The Court agrees.

22    First, plaintiff's disclosures on the issue of whether the CoolTouch procedure

23    infringes are untimely.  Defendants timely served an interrogatory request, a request for an

24    admission, and request that plaintiff produce a Rule 30(b)(6) witness, each of which

25    specifically sought plaintiff's evidence and/or position on the issue of whether the

26

27    _____

28    [1]As plaintiff observed at the Pretrial Conference, the Panduit test is "a nonexclusive
standard for determining lost profits."  See State Industries, 883 F. 2d at 1577.  In the
instant case, however, plaintiff has identified no other applicable standard.

CoolTouch procedure infringed.  Plaintiff failed to provide a substantive response to any of said discovery requests until September 7, 2007, when plaintiff served a supplemental answer to defendants' interrogatories, asserting that users following the CoolTouch procedure would infringe plaintiff's '084 Patent.  (See Steenburg Decl., filed October 1, 2007, Ex. K.)  Further, it was not until October 1, 2007 that plaintiff disclosed the name of a witness who would testify that the CoolTouch procedure infringes, at that time identifying as a "fact" witness CoolTouch's Chief Executive Officer, Brian E. Farley ("Farley"); plaintiff stated Farley would testify on the subject of "infringement by [d]efendants and other competitors such as CoolTouch."  (See Joint Pretrial Statement, filed October 1, 2007 at 12:12-19.)  Given that the deadline to complete fact discovery was May 30, 2007, such disclosures are untimely.[2]

Second, plaintiff's argument that it was justified in making untimely disclosures is unpersuasive.  The only justification plaintiff offers is plaintiff's assertion that it was not aware, until two weeks before it made its September 7, 2007 disclosure, that the question of infringement by CoolTouch was relevant herein.  As plaintiff "certainly view[s] [CoolTouch] as a competitor," (see Nguyen Decl. Ex. 13 at 131:9-23), the relevance of the information sought by defendants' early and repeated discovery requests is readily apparent.  See SmithKline Diagnostics, 926 F. 2d at 1165 (providing plaintiff "not entitled to lost profits" unless plaintiff offers evidence of "absence of an acceptable, non-infringing substitute for the patented product").  Moreover, plaintiff's former Chief Financial Officer, Tim Marcotte, has testified that plaintiff, in 2005, accused CoolTouch of infringing the same claims at issue herein.  (See Nguyen Decl. Ex. 14 at 155:5-10, 165:6-15.)

Finally, the Court finds defendants would be prejudiced if plaintiff were permitted to offer testimony on the issue of whether the CoolTouch procedure infringes.  When Farley, in his capacity as a Rule 30(b)(6) witness, was explicitly asked on August 15, 2007 for plaintiff's view as to whether the CoolTouch procedure infringed, Farley stated plaintiff had

---

[2]Plaintiff has never disclosed an expert who has an opinion as to whether the CoolTouch procedure infringes.

1    not "made an analysis" of whether the CoolTouch method infringed, and thus did not

2    provide any opinion on the issue.  (See id. Ex. 13 at 124:23-125:6.)  Given Farley's

3    response, defendants had no reason to conduct further discovery relevant thereto, and

4    have not had an opportunity to examine Farley as to the basis of his newly-offered opinion.

5           Accordingly, the Court will grant defendants' motion in limine to the extent

6    defendants seek to preclude plaintiff from offering evidence that the CoolTouch method

7    infringes.

8           Defendants further request an order precluding plaintiff from offering any evidence

9    that plaintiff is entitled to lost profits.  Defendants, however, have not argued, let alone

10   shown, that plaintiff failed to timely disclose evidence that the CoolTouch procedure, even if

11   noninfringing, is not an "acceptable" substitute.  See, e.g., SmithKline Industries, 926 F. 2d

12   at 1166 (observing "[i]f purchasers are motivated to purchase because of particular

13   features of a product available only from the patent owner and infringers, products without

14   such features would obviously not be acceptable noninfringing substitutes") (emphasis in

15   original).

16          Accordingly, to the extent defendants seek to preclude plaintiff from offering any

17   evidence to prove plaintiff's entitlement to lost profits, defendants' motion will be denied.[3]

18          Plaintiff's motions in limine seek, respectively, to preclude defendants from offering

19   expert testimony to establish the CoolTouch procedure does not infringe, and to preclude

20   defendants' damages experts from assuming such expert testimony will be given by

21   defendants.  Because defendants have indicated they do not plan to offer evidence that the

22   CoolTouch procedure does not infringe unless plaintiff offers testimony that the CoolTouch

23   procedure infringes, the Court will deny plaintiff's motions, without prejudice, as moot.

24   //

25

26          [3]Plaintiff apparently has not disclosed an expert who will testify that the CoolTouch
     procedure is not an "acceptable" substitute.  Because plaintiff has not described in its filings
27   with the Court the nature of the non-expert evidence plaintiff seeks to offer on the issue of
     acceptability, the Court has had no occasion to consider whether such evidence would be
28   admissible under Rule 701 or otherwise, or whether such evidence was timely disclosed.

**CONCLUSION**

For the reasons stated:

1. Defendants' Motion In Limine No. 4 is hereby GRANTED in part and DENIED in part, as follows:

    a. The motion is GRANTED to the extent defendants seek to prohibit plaintiff from offering evidence that the CoolTouch procedure infringes the claims at issue herein.

    b. In all other respects, the motion is DENIED.

2. Plaintiff's Motion In Limine No. 4 and Motion In Limine No. 5 are DENIED as moot.

**IT IS SO ORDERED.**

Dated:  October 22, 2007

_____
MAXINE M. CHESNEY
United States District Judge

5